The Chancellor.
The principal grounds of defence are, 1st; ■ That; under the terms of the trust in the several deeds to Burrows; the wife could not, by any mode of direction or appointment, authorize the trustee to execute a mortgage of the lánds to secure the payment of a debt of the husband. 2d, That if she could authorize ouch a conveyance by the mode of direction or appointment specified in the deeds, her joining in the execution of the mortgage, without a previous deed of direction or appointment is not sufficient.
I cannot regard this case as standing on the same ground as an ante-nuptial settlement, or as a conveyance by one person in trust for the wife of another. If I could, I should feel bound to meet-the inquiry, whether some of the doctrines which seem *467 to have been held elsewhere, as to the extent of the wife’s right of alienation or appointment, and the mode of appointment, have ever been sanctioned in this state. But in the case before me, I am willing to take the:broadest grounds that have been taken in England and in New'York, sustaining conveyances by a wife, or by a trustee with her consent. I do not desire to be understood as now assenting that a husband can, at this day, in New Jersey, purchase property and direct a conveyance thereof:to-be made to a trustee for the use of his wife, and by that means placing it beyond the reach of subsequent creditors.
The deposition of George D. Abrahams, the husband, was objected to. I think it was incompetent.
Decree for the complainant.